**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALISON GALL<br>452 Hillside Ave.<br>Morrisville, PA 19067 | :<br>:<br>: |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| THE IGNOSH INSURANCE AND RISK | : |
| MANAGEMENT GROUP, INC. | : |
| 245 Main Street | : |
| Emmaus, PA 18049 | : |
| and | : |
| RAYMOND IGNOSH, individually | : |
| 245 Main Street | : |
| Emmaus, PA 18049 | : |
| | : |
| Defendants. | : |
| | : |

CIVIL ACTION

No. _____

**JURY TRIAL DEMANDED**

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1.      This action has been initiated by Alison Gall (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.).  Plaintiff asserts herein that she was terminated unlawfully for protected activities under the FLSA. As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. <u>PARTIES</u>

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant Ignosh Insurance and Risk Management Group, Inc. ("Defendant Ignosh Insurance") is an agency operating out of several locations in Pennsylvania offering insurance and risk management services, including auto, home, commercial, and other types of insurance coverage.

8.      Raymond Ignosh ("Defendant Ignosh") is the owner, highest-level manager, and executive of Defendant Ignosh Insurance. He is sued in this lawsuit individually and personally, liable as to his own (non-corporate) assets.

9.      Defendant Ignosh Insurance and Defendant Ignosh will be referred to throughout this lawsuit as "Defendants." At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

10.     At all relevant times herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV.  FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff was hired by Defendants in or about July 2022 and was employed for approximately 3.5 years until she was unlawfully terminated on or about January 28, 2026.

13.     Plaintiff held the title of Defendants' Director of Operations and Human Resources and reported to Raymond Ignosh; Defendants' Owner, President, and CEO.

14.     Throughout her employment with Defendants, Plaintiff was a dedicated and hardworking employee who performed her job well.

15.     In fact, throughout her employment, Plaintiff had never received any disciplinary action, negative performance evaluations, or serious criticism that would in any way indicate that her job in jeopardy.

16.     In contrast, Plaintiff was consistently praised for her performance and received significant merit-based salary increases for her efforts in performing her duties.

17.     Unfortunately, however, during Plaintiff's employment with Defendants, it became clear that Defendants, and Defendant Ignosh specifically, were engaging in practices that were blatantly violative of the FLSA and Pennsylvania wage and hour laws.

18.     In particular, as a part of Plaintiff's job duties, she was tasked with reviewing the hours submitted by hourly employees of Defendants, entering those hours into payroll, and submitting them for Defendant Ignosh's review for submission to payroll.

19.     On several occasions when Plaintiff would do so, however, Defendant Ignosh would object to legally compliant submissions, encouraging Plaintiff to change those submissions to be out of compliance with the applicable wage laws, to which Plaintiff would object.

20.     By way of example, on January 16, 2026, Defendant Ignosh emailed Plaintiff, expressing frustration with her legally compliant payroll submissions, advising that he was deducting the hours submitted by an hourly employee by .5 hours in order to match the hours that individual was *scheduled* to work.

21.     Specifically, although the individual had logged a total of 83 hours of work into Defendant's timekeeping system, Defendant Ignosh deduced .5 hours of this time, bringing the total to 82.5 hours of work that the employee would be compensated for.

22.     In doing so, Defendnat Ignosh shorted the employee by .5 hours of time worked, failing to pay him appropriate minimum wages under the FLSA and applicable state laws.

23.     In response to this email, Plaintiff openly reiterated her concerns of such practices being out of compliance with applicable wage laws.

24.     Plaintiff specifically advised that such employees had to be compensated for *all* of their hours worked as specified by the FLSA, and that it was improper for Defendants to be alternatively changing those hours to reflect the time the employee was scheduled.

25.     In light of Defendant Ignosh's repeated expression of frustration relating to Plaintiff's continued attempts to submit payroll in compliance with the FLSA, Defendant Ignosh's illicit alternations to such submissions, and to avoid the requirement of engaging in any future wrongdoing on her behalf, Plaintiff also followed up with a separate email to Defendant Ignosh, advising the following:

4

Hi Ray,

Following our email exchange regarding the payroll adjustments and ensuring compliance with the Fair Labor Standards Act (FLSA), I wanted to proactively share some important information regarding the risks associated with wage and hour disputes.

***I would prefer to avoid potential issues with the FLSA***, which is why I am addressing this now. As the HR Director, I have reviewed the timecards appropriately and submitted them for your review before payroll processing, but I am not the individual who submits the final run. I am providing the following information and required corrections for your consideration.

**Reporting Process & Retaliation**

The FLSA guarantees employees the right to file a complaint with the Department of Labor's Wage and Hour Division (WHD). These complaints can be filed anonymously, and the WHD is required to keep the identity of the complainant confidential during an investigation.

Crucially, the FLSA has strong anti-retaliation provisions. It is illegal to fire, discipline, or discriminate against any employee who has filed a complaint, participated in an investigation, or asserted their rights under the Act. Any such action would trigger a separate and severe violation.

**Potential Consequences of Violations**

If an investigation finds that hours were systematically deducted (even with a rounding rule applied, if the net result favors the employer), the penalties can be significant:

- **Back Wages & Liquidated Damages:** The company would owe all unpaid wages, potentially doubled by an equal amount in liquidated damages.
- **Civil Money Penalties:** Fines can reach over $2,000 per violation for repeated or willful ofenses.
- **Audit Exposure:** An initial complaint often triggers a full-scale audit of all employee time records across multiple pay periods.

**Required Retroactive Adjustments**

To bring us into compliance and mitigate the risks mentioned above, ***we must issue back-pay for hours that were deducted***

5

*during the previous two cycles*. Per my review of the timecards versus the final payroll runs, the following discrepancies must be rectified:

| Payroll Cycle | Hours Worked | Hours Paid | Adjustment Owed |
|---|---|---|---|
| 12/16/25 – 12/31/25 | 92.25 | 90.00 | **2.25 Hours** |
| 01/01/26 – 01/15/26 | 83.00 | 82.50 | **0.50 Hours** |
| **Total** | | | **2.75 Hours** |

**Recommendation:** These adjustments should be processed in the next scheduled pay run as **"Retroactive Pay."** This ensures our records accurately reflect that these wages were paid out immediately once the discrepancy was identified, which demonstrates a good-faith effort to remain compliant.

I hope this overview helps us prioritize compliant timekeeping moving forward.

Best regards,

Alison Gall

(emphasis added)

26.    Tellingly, Plaintiff never received any response to this email.

27.    Instead, on January 28, 2026, Plaintiff was called into a meeting with Defendant Ignosh.

28.    During this meeting, Plaintiff was met by Defendant Ignosh and an attorney, who abruptly informed Plaintiff that she was being terminated due to an alleged decline in the "performance and metrics" of the business, as though Plaintiff was being laid off.

6

29.    At the same time, Plaintiff was suspiciously offered an unsolicited severance agreement,[1] offering her $5,000 to waive all potential legal claims against Defendants, including any claims under the FLSA and Pennsylvania state law.

30.    After Plaintiff questioned the reasons provided for her separation and what "metrics" Defendant Ignosh was referring to, Defendant Ignosh then shifted justifications, vaguely asserted that Plaintiff had somehow been inappropriate or "insubordinate" in her actions.

31.    However, regardless of Defendants' purported justifications for her termination, which remain unclear to Plaintiff given the shifting and ambiguous nature of the same, they are clearly a pretext for retaliation for Plaintiff objecting to Defendants' illegal pay practices and her demand for rectification of the same.

32.    By way of example, not only was Plaintiff terminated within approximately one week of her aforementioned protected activity, but she was the only individual terminated at the time of her separation and she had never been placed on notice of any legitimate performance deficiencies, disciplinary action, or any indication that her employment was in jeopardy.

33.    Although Plaintiff was permitted to continue working until on or about February 6, 2026 to transition her duties, Plaintiff was effectively terminated on January 28, 2026.

---

[1] *See e.g. Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. 2013)(an employer who offered severance when policies did not require upon condition of waiving FMLA claim supported finding of pretext in FMLA claim among other facts); *See also Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)("Severance pay packages contingent upon a release of claims which are offered contemporaneously with the notice of termination are not covered by [Rule 408]", and the motive in offering same is admissible evidence in a discrimination or retaliation claim and is admissible at trial in this case); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408); *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy); *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1342-43 (9th Cir. 1987)(finding no abuse of discretion when district court admitted severance agreement into evidence, stating "[w]here, as here, the employer tries to condition severance pay upon the release of potential claims, the policy behind Rule 408 does not come into play.")(Emphasis added).

34.     Plaintiff therefore submits that she was terminated in retaliation for engaging in protected activity under the FLSA.

35.     Plaintiff is entitled to past wage losses, future wage losses, emotional distress damage(s), penalty damages, and other equitable or legal remedies resulting from her retaliatory termination from employment. This is in addition to mandatory attorney's which must be paid by Defendants. *See* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's fees).

36.     Defendant Ignosh is a high-level manager, executive, and owner of Defendants' enterprise who personally impermissibly manipulated payroll, among other illicit activities, and who unlawfully and retaliatorily terminated Plaintiff. He is personally liable as to his own individual assets and hence sued herein individually as well.[2]

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Wrongful Discharge)**
**- Against All Defendants -**

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     Plaintiff was terminated by Defendants for expressing concerns of unpaid minimum wages.

39.     Plaintiff's discharge from Defendants for engaging in protected activity under the FLSA constitutes unlawful retaliation under the FLSA. *See supra; see also Lambert v. Ackerley,* 180 F.3d 997, 1003-05 (9th Cir.1999)(*en banc*); *Valerio v. Putnam Assocs. Inc.,* 173 F.3d 35, 44-45 (1st Cir.1999); *EEOC v. Romeo Comty. Sch.,* 976 F.2d 985, 989-90 (6th Cir.1992); *EEOC v. White & Son Enters.,* 881 F.2d 1006, 1011 (11th Cir.1989); *Brock v. Richardson,* 812 F.2d 121,

---

[2] *See e.g. Scholly v. JMK Plastering, Inc.,* No. CIV.A. 07-CV-4998, 2008 U.S. Dist. LEXIS 49958, 2008 WL 2579729, at *3 (E.D. Pa. June 25, 2008)(holding that the FLSA allows for individual liability on retaliation claims).

123-25 (3d Cir.1987); *Love v. RE/MAX of Am., Inc.,* 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 181 (8th Cir.1975).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to promulgate and adhere to a policy prohibiting overtime violations and retaliation;

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C.      Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D.      Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees if permitted by applicable law; and

G.      Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Ari R. Karpf, Esq. (91538)
Timothy S. Seiler, Esq. (316913)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com
tseiler@karpf-law.com

Dated: March 19, 2026

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Alison Gall | : | CIVIL ACTION |
| v. | : | |
| The Ignosh Insurance and Risk Management Group, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (x )

| | | |
|---|---|---|
| 3/19/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  Defendants place of business

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☐ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☒ 10.  Civil Rights
- ☐ 11.  Habeas Corpus
- ☐ 12.  Securities Cases
- ☐ 13.  Social Security Review Cases
- ☐ 14.  Qui Tam Cases
- ☐ 15.  Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*:_____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
        _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GALL, ALISON

## DEFENDANTS

THE IGNOSH INSURANCE AND RISK MANAGEMENT GROUP, INC., ET AL.

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Pharmaceutical     Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |     Liability    ☐ 368 Asbestos Personal <br> ☐ 340 Marine    Injury Product <br> ☐ 345 Marine Product    Liability | | ☐ 835 Patent – Abbreviated New Drug Application <br> ☐ 840 Trademark | ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |     Liability    **PERSONAL PROPERTY** <br> ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract |     Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |     Injury    ☐ 385 Property Damage <br> ☐ 362 Personal Injury -    Product Liability <br>     Medical Malpractice | ☐ 751 Family and Medical Leave Act <br> ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | | **FEDERAL TAX SUITS** |     Act |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations    ☐ 530 General | | | Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment    ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other    **Other:** <br> ☐ 448 Education    ☐ 540 Mandamus & Other <br>    ☐ 550 Civil Rights <br>    ☐ 555 Prison Condition <br>    ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE   3/19/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____